duress is only voidable, and not void, because it may be either ratified or affirmed by the party upon whom the duress was imposed. If that is so, the right to disaffirm a contract which is void because of duress is a personal right, vesting in the person upon whom the duress has been imposed, and he only can avoid it. Railroad Co. v. Forrest, supra. In this case, so far as appears, the person upon whom the duress was imposed never elected to avoid this contract. He has attempted to transfer to the plaintiff a claim for restitution of real property, or the value thereof, upon one Virginia Wood; but he has himself never elected to rescind, and I do not think the plaintiff in this action can elect for him, and, under such a transfer, recover. I think the judgment should be reversed.

VAN BRUNT, P. J., concurs.

(61 App. Div. 105.)

SOUTHACK v. CENTRAL TRUST CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 10, 1901.)

PRACTICE—SETTLING ORDER.
    Under Sup. Ct. Rule 3, requiring all papers read or used on the motion to be specified in the order, an order is defective which recites certain papers, and then states, "upon all the pleadings and proceedings in this action."

Appeal from trial term, New York county.

Action by Louis V. Southack against the Central Trust Company of New York individually and as substituted executor and trustee, etc. From an order refusing to resettle an order by striking out certain portions thereof, defendant appeals. Reversed.

See 69 N. Y. Supp. 1146.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Clarence P. Moser, for appellant.
Franklin Nevius, for respondent.

PER CURIAM. The order in this case in the recital of the papers used upon the motion recites certain papers, and then states, "upon all the pleadings and proceedings in this action." The motion was to resettle such order by striking out this recital. The motion should have been granted. Rule 3 of supreme court rules requires that all papers read or used upon the motion on either side shall be specified in the order. The recital asked to be stricken out assumes that other papers were used, but is so indefinite as not to show what they were. This is a violation of the rule, and in disregard of a decision of this court. Faxon v. Mason, 87 Hun, 139, 33 N. Y. Supp. 802.

The order should be reversed, with $10 costs and disbursements, and the same remitted to the judge who made it, for resettlement.