CELIA MOLIVER, Respondent, *v.* IDA FINEGAN and Others, Defendants, Impleaded with ANNA M. WEISS, Appellant.

Second Department, November 18, 1916.

Practice — motions and orders — form of order.

Where it appears from an order that it was granted upon an affidavit of plaintiff's attorney, the notice of motion, "and upon all the pleadings and proceedings had herein," and that the motion was in part to amend the summons and complaint, and that, therefore, at least the original summons and complaint must have been before the court, the recital

quoted above should be regarded as limited to those proceedings which were recited in the moving affidavit, and a motion to strike it from the order should be denied.

APPEAL by the defendant, Anna M. Weiss, from so much of an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 21st day of June, 1916, as denies her motion to resettle an order entered in said clerk's office on the 13th day of June, 1916, by striking therefrom the words " all the pleadings and proceedings had herein."

*Otto H. Droege,* for the appellant.

*James M. Gorman [Charles H. Schwartzman* with him on the brief], for the respondent.

MILLS, J.:

By the recitals in the order appealed from, it appears that it was granted upon an affidavit of plaintiff's attorney, the notice of motion, "and upon all the pleadings and proceedings had herein." The record does not contain a copy of that affidavit or of any of the pleadings, but it appears from the order that the motion was in part to amend the summons and complaint, and, therefore, at least the original summons and complaint must have been before the court upon the motion, whether specified in the notice therefor or not. I think that the recital of all the proceedings had herein should be regarded as limited to those proceedings which were recited in the moving affidavit; and that anyway the error, if any, in including in the order that recital should be here considered as merely technical and of no possible harm to the appellant.

There is nothing in the record to show that there was any other pleading than the compliant, and from the very nature of the motion that must have been before the court. It is true, as stated by the appellant's counsel, that the Appellate Division in the First Department, in *Southack* v. *Southack* (61 App. Div. 105) held that such a recital should be stricken out of the order, and that the motion to resettle the order in that respect should have been granted, and reversed the order denying such motion. In the report of that case, however, it

does not appear that the motion was such as to necessarily bring before the court the pleadings.

I recommend, therefore, that the order be affirmed, with ten dollars costs and disbursements.

JENKS, P. J., THOMAS, STAPLETON and PUTNAM, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.